# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before the Court Sitting *En Banc*[1]

**UNITED STATES, Appellee**
v.
**Private First Class GLEN R. SPITZ**
**United States Army, Appellant**

ARMY 20220195

Headquarters, 1st Infantry Division and Fort Riley
Steven C. Henricks, Military Judge
Colonel Tony N. Curto, Staff Judge Advocate

For Appellant: Captain Justin L. Watkins, JA (argued); Colonel Michael C. Freiss, JA; Lieutenant Colonel Dale C. McFeatters, JA; Major Rachel P. Gordienko, JA; Captain Justin L. Watkins, JA (on brief and specified issues).

For Appellee: Captain Lisa Limb, JA (argued); Colonel Christopher B. Burgess, JA; Lieutenant Colonel Jaqueline J. DeGaine, JA; Major Pamela L. Jones, JA; Captain Joshua A. Hartsell, JA (on brief); Colonel Christopher B. Burgess, JA; Lieutenant Colonel Pamela L. Jones, JA; Captain Andrew M. Hopkins, JA; Captain Lisa Limb, JA (on brief of specified issues).

28 July 2023

---
OPINION OF THE COURT
---

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of aggravated assault with substantial bodily harm inflicted upon a child under the age of sixteen years and one specification of assault consummated by a battery upon a child under the age of sixteen years, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [UCMJ]. The military judge sentenced appellant to confinement for thirty-six months and a dishonorable discharge.

---

[1] Judge ARGUELLES decided this case while on active duty.

We review the case under Article 66, UCMJ, fully and fairly considering appellant's assignment of error and matters submitted under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The assigned error warrants discussion but no relief; the *Grostefon* submission warrants neither.

## DISCUSSION

Appellant alleges the military judge erred in the presentencing proceeding by admitting evidence of a nonjudicial punishment[2] (NJP) action over defense objection. According to the objection by trial defense counsel in the record, the paralegal who prepared the associated self-authentication certificate was "not the proper records custodian [of the underlying Article 15]." The memorandum cited Military Rule of Evidence [Mil. R. Evid.] 902(11) and stated, in pertinent part:

1.  I am [SPC NC], the 5–4 CAV Paralegal Specialist. I certify that I am a custodian of records at HQ, 2d Armored Brigade Combat Team Legal Office.

2.  I have reviewed the following document: Company Grade Article 15 dated 13 September 2021. This record is [a] true and accurate copy of the original.

3.  I certify that:

    a.  the record is a copy of the original;

    b.  the record was kept in accordance with The Army Records Information Management System (ARIMS), Army Regulation 25–400–2 and Military Justice, Army Regulation [AR] 27–10.

Appellant now asserts the attestation memorandum does not specify "whether the Article 15 was pulled from a personnel file or [Military Justice Online]." (Appellant's Br. 7) (citing *United States v. Frasur*, ARMY 20210420, 2022 CCA LEXIS 401 (Army Ct. Crim. App. 8 Jul. 2022)). Appellant argues that because the file was maintained among legal actions (possibly via Military Justice Online[3] (MJO)), it was not admissible.

---

[2] Department of the Army Form 2627.

[3] According to Army Reg. 27-10, Legal Services: Military Justice, para. 14–1 (20 November 2020): "MJO is the single tool in the Regular Army for creating,

(continued . . .)

Considering the potentially wide-ranging impact of a decision regarding the admissibility of NJP actions obtained from MJO, we decided sua sponte to consider this case *en banc.* We received exceptionally thorough and responsive briefs on the issues presented, and we heard well-stated oral argument from both parties. However, careful review of the facts causes us to refrain from deciding the case on the issue of MJO admissibility, because it is not clear from this record that the evidence in question came from that system. Declining to issue an advisory opinion on the topic, we instead leave for another day the opportunity to precedentially decide whether an NJP action obtained from MJO is admissible.

Deciding the case on another basis, we hold the military judge erred by admitting the NJP action where the accompanying self-authentication certificate was substantially incomplete. The NJP action was not properly authenticated under Mil. R. Evid. 902(11). Military Rule of Evidence 902 is derived from the Federal Rules of Evidence [Fed. R. Evid.], which provides several forms of self-authentication for various types of records. *See* Fed. R. Evid. 902. Military Rule of Evidence 902(11) allows a party to authenticate a copy of a domestic record that meets the requirements of Mil. R. Evid. 803(6), which are records of regularly conducted activity, through a certification signed by a records custodian or another qualified person. Mil. R. Evid. 902(11); *United States v. Martin*, ARMY 20120898, 2014 CCA LEXIS 686, at *4 (Army Ct. Crim App. 16 Sep. 2014) (summ. disp.) (holding that attestation certificates sufficiently authenticated dining facility logs); *United States v. Long*, ARMY 20210591, 2022 CCA LEXIS 685, at *11 (Army Ct. Crim. App. 22 Nov. 2022) (mem. op.) (finding the military judge erred in admitting a copy of NJP action because it failed to meet the requirements of Mil. R. Evid. 902(11)).

Military Rule of Evidence 902(11) requires, among other things, the certification to "compl[y] with a federal statute or a rule prescribed by the Supreme Court[.]" The Advisory Committee notes for the corresponding Federal Rule states "[a] declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath." Fed. R. Evid. 902 advisory committee's notes on 2000 amendments. Turning to 28 U.S.C. §1746, "Unsworn declarations under penalty of perjury[,]" requires:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter that is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or

---

(. . . continued)
processing, and managing administrative reprimands, administrative separations, NJP, and courts–martial."

> affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury. . . [.]

An unsworn certificate, executed within the United States, must substantially include, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. §1746(2). The government's unsworn self-authentication certificate lacked this declaration; for this reason, it did not meet the attestation requirements of Mil. R. Evid. 902(11).

Moreover, the certificate falls short of each remaining requirement in Mil. R. Evid. 803(6), for it fails to state: (1) the record was made at or near the time by or from information transmitted by someone with knowledge; (2) it was kept in the course of regularly conducted activity; (3) it was made in the normal course of business; and, (4) these conditions were affirmed by the records custodian for the attached record.

Despite the error,[4] we are confident it did not cause prejudice. We note the other admissible evidence bearing on appellant's sentence, including the stipulation of fact, injury photographs, and record of his plea of nolo contendere to disorderly conduct (resulting in confinement for thirty days). We also observe neither party mentioned the NJP action in their sentencing arguments. Finally, the NJP action centered on appellant's disrespectfully raising his voice to a warrant officer, minor misconduct that paled in comparison to the child abuse of which he was convicted.

---

[4] We review this issue for abuse of discretion because the defense objection to the attestation was sufficient to preserve the error now raised on appeal. Mil. R. Evid. 103; *United States v. Datz*, 61 M.J. 37, 42 (C.A.A.F. 2005); *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014). Alternatively, even if we were to conclude appellant did not adequately preserve the objection at trial, because we are confident the error did not prejudice his substantial rights, the outcome would be the same. *See United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007).

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court